UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MICAH BLACK MOON,<br><br>      Plaintiff,<br><br>  vs.<br><br>SGT ROWHER, Sgt at Jameson Annex, official capacity; and YOST, SCO at Hill Transport, individual capacity,<br><br>      Defendants. | 4:23-CV-04187-KES<br><br><br>1915A SCREENING ORDER |

  Plaintiff, David Micah Black Moon, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Black Moon also filed a motion for leave to proceed in forma pauperis, Docket 2, which this court granted, Docket 5. Black Moon timely paid his initial partial filing fee. This court now screens Black Moon's complaint.

**I. Factual Background**

  The facts alleged in Black Moon's complaint are: that he suffered minor injuries because he "was cuffed during an assault[,]" and Sergeant Rowher "failed to step in the cell during a move." Docket 1 at 4. Black Moon claims that Senior Correctional Officer Yost "failed to protect [him] equal as others while an assault occurred." *Id.* at 5. Black Moon claims that he suffered emotional distress because of Yost's actions. *Id.*

  Black Moon sues Rowher in his official capacity for abusing his authority in violation of Black Moon's Eighth Amendment rights. *Id.* at 2, 4. Black Moon

sues Yost in his individual capacity for violating his Fourteenth Amendment rights. *Id.* at 2, 5. Black Moon seeks "arearages [sic] if any treatment is needed for being attacked by the snitches[.]" *Id.* at 7. He also asks the court "to document the problems here in prison." *Id.*

## II.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the

2

assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Black Moon's complaint under 28 U.S.C. § 1915A.

### III.   Legal Analysis

#### A.   Official Capacity Claims

Black Moon brings claims against Rowher requesting money damages in his official capacity. Docket 1. Rowher is an employee of the State of South Dakota. *See id.* "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* The State of South Dakota has not waived its sovereign immunity. Thus, Black Moon's claims for money damages against Rowher are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Patterson v. Casalenda*, 2019 WL 2270609, at *6 (D. Minn. Apr. 23, 2019) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011)) *R&R adopted by* 2019 WL 2267055 (D. Minn. May 28, 2019). *See also Will*, 491 U.S. at 71 n.10. Black Moon does not request injunctive relief against Rowher. The only non-damages relief that Black Moon seeks is for the court "to document the problems here in prison." Docket 1 at 7. This is not appropriate injunctive relief that the court can order. In § 1983 suits, a court can order non-damages relief against parties requiring parties to do something, but the court cannot order non-damages relief requiring the court itself to do something. *Watson v. McPhatter*, 2022 U.S. Dist. LEXIS 248400, at *1–3 (M.D.N.C. Feb. 7, 2022) (collecting cases). Thus, Black Moon's claims for non-damages relief are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

    **B.**    **Failure to Protect**

Liberally construing Black Moon's complaint, he alleges a claim for failure to protect in violation of his Eighth Amendment rights against Yost.

Docket 1 at 5. "[P]rison officials have a duty . . . to protect prisoners from violence . . . ." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. In order to prevail on a failure to protect claim, a prisoner must demonstrate two things. First, he must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Spruce v. Sargent*, 149 F.3d 783, 785 (8th Cir. 1998). Second, an inmate must demonstrate that prison officials were deliberately indifferent to that risk. *Id.* "Deliberate indifference requires a showing that the official knew the risk existed, but disregarded it." *Id.*

Black Moon claims that Yost violated his rights because he "failed to protect [Black Moon] equal as others while an assault occurred." Docket 1 at 5. Black Moon does not allege that Yost was aware of and deliberately indifferent to the risk of assault to Black Moon. Thus, Black Moon's Eighth Amendment failure to protect claim against Yost is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

   C.   **Equal Protection**

Black Moon also alleges that Yost violated his equal protection rights under the Fourteenth Amendment. Docket 1 at 5. The equal protection clause of the Fourteenth Amendment requires the government to "treat similarly situated people alike," a protection that applies to prisoners. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (quoting *Rouse v. Benson*, 193

5

F.3d 936, 942 (8th Cir. 1999)). The Eighth Circuit has explained for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (citations and internal quotation omitted).

Black Moon has not alleged that he was treated differently from similarly-situated inmates or that different treatment was based on a suspect classification or a fundamental right. *See* Docket 1. Thus, Black Moon's Fourteenth Amendment equal protection claim against Yost in his individual capacity is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### D.     Strike Under 28 U.S.C. § 1915(g)

The court finds that Black Moon's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). But "[d]ismissals based on immunity are not the type of dismissals listed as strikes in [§] 1915(g)[.]" *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam). In *Castillo-Alvarez*, the Eighth Circuit cited favorably to *Byrd v. Shannon*, a case from the Third Circuit. *Id.*

6

(citing *Byrd v. Shannon*, 715 F.3d 117, 125–27 (3d Cir. 2013)). The Third Circuit held that § 1915(g) "requires that a prisoner's *entire* action . . . be dismissed on enumerated grounds in order for the dismissal to count as a strike." *Byrd*, 715 F.3d at 125 (emphasis added). Because the Eighth Circuit cited *Byrd* with approval, this Court will follow the rule set out in *Byrd*. *See Castillo-Alvarez*, 768 F.3d at 1220 (citing *Byrd*, 715 F.3d at 125–27).

Black Moon's complaint is dismissed in part for failure to state a claim upon which relief may be granted and in part because he sought monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); 28 U.S.C. § 1915A(b)(1)–(2). Thus, under *Castillo-Alvarez* and *Byrd*, this dismissal of Black Moon's complaint does not constitute a strike.

Thus, it is ORDERED:

1. That Black Moon's official capacity claims for money damages against Rowher are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

2. That Black Moon's claims for non-damages relief are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. That Black Moon's Eighth Amendment failure to protect claim against Yost in his individual capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

7

4. That Black Moon's Fourteenth Amendment claim against Yost in his individual capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Dated April 16, 2024.

                      BY THE COURT:

                      /s/ *Karen E. Schreier*
                      KAREN E. SCHREIER
                      UNITED STATES DISTRICT JUDGE